RUSSELL TIMBER COMPANY, LIMITED, Appellant, vs. KEN-FIELD-LAMOREAUX COMPANY and another, Respondents.

*January 16—February 13, 1917.*

*Ownership of timber found afloat: Question for jury: Evidence: Harmless error.*

1. Whether certain timber found floating in Lake Superior and alleged to have been converted by defendants belonged to the plaintiff is *held*, upon the evidence, to have been a question for the jury.
2. The erroneous admission of immaterial evidence will not work a reversal of a judgment based on the verdict of a jury, where that verdict would have been the same if such evidence had been excluded.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Appellant brought suit to recover the value of certain spruce pulpwood afloat in Lake Superior, alleged to have been taken into possession and converted by respondents. Respondents denied the conversion. There was a trial and a special verdict by the jury, by which the jury found that none of the timber alleged to have been converted by the defendants belonged to the plaintiff. There was a motion to set aside the verdict, a motion for a new trial, and a motion

for judgment upon the verdict. The court granted defendants' motion for judgment upon the verdict and judgment was entered dismissing plaintiff's complaint upon the merits. From this judgment plaintiff appeals.

For the appellant there were briefs by *Sanborn, Lamoreux & Pray* of Ashland, and oral argument by *A. W. Sanborn* and *Frank B. Lamoreux*.

For the respondent *Kenfield-Lamoreaux Company* there was a brief by *Walsh & Morris* of Washburn, and oral argument by *Charles F. Morris*.

For the respondent *Johnson* there was a brief by *Spencer & Spencer* of Duluth, Minnesota, and oral argument by *R. W. Spencer*.

ROSENBERRY, J. The main contention of the appellant is that there was not sufficient evidence to sustain the verdict to the effect that none of the timber converted was the property of the plaintiff, and that the undisputed testimony establishes the identity of the timber in question, and that judgment should have gone in favor of the plaintiff for its value.

The consideration and determination of this question involve wholly matters of fact. In order to make an intelligible presentation of the evidence a very long and complicated statement of the facts would be necessary. In view of the fact that the conclusion we have reached will result in a final determination of the case, such a statement could be of interest only to the parties immediately concerned and their attorneys and would be of no value in any other case. Therefore we will only say that we have carefully examined the voluminous record and we are agreed that the evidence presented a jury question which was determined adversely to the plaintiff, and we cannot say that the trial court was clearly wrong in not setting aside the verdict of the jury.

Appellant very strenuously insists that its rights were prejudiced by the introduction of certain evidence relating

to salvage and certain remarks of the trial court with respect thereto.    We have also carefully considered this assignment of error, and, while the evidence referred to was immaterial and not properly in the case, it could in no way have prejudicially affected the determination of the jury to the effect that the property in question was not that of the plaintiff.    When the jury found that it was not plaintiff's property, all questions relating to abandonment, salvage, and other claims and counterclaims of like character dropped out of the case, and it does not appear that the result would have been different had the evidence complained of been excluded.    After a thorough examination of the evidence we are of the opinion that a finding either way could have been sustained.    It being a pure question of fact, the finding of the jury cannot and should not be disturbed.

*By the Court.*—Judgment affirmed.